IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| LIMA ONE CAPITAL, LLC, d/b/a INVESTOR LENDING USA, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 6:19-cv-3547-BHH<br>) |
| v. | )<br>) |
| DAC ACQUISITIONS, LLC, d/b/a REVOLVER FINANCE, | ) Jury Trial Demanded<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

This is an action for breach of contract under South Carolina law.

## PARTIES

1.      Plaintiff Lima One Capital, LLC, d/b/a Investor Lending USA ("Lima One") is a company incorporated under the laws of the State of Georgia, with its principal place of business at 201 East McBee Avenue, Suite 300, Greenville, South Carolina, in Greenville County.

2.      Lima One is a fully capitalized lender that provides proprietary loan products, expertise, and technology to real estate investors.

3.      Defendant DAC Acquisitions, LLC, d/b/a Revolver Finance ("Defendant") is a company incorporated under the laws of the State of Texas, with its principal place of business at 1601 Elm Street, 32nd Floor, Dallas, Texas, in Dallas County.

4.      Defendant makes business-purpose mortgage loans secured by first liens on the related mortgaged properties.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states.

6. The Court also has jurisdiction over this action and venue is proper pursuant to 28 U.S.C. § 1391 in Greenville, South Carolina pursuant to the valid and enforceable forum selection clause contained in Section 10.03 of the Master Loan Flow Agreement (the "Agreement") between the parties.

## FACTUAL ALLEGATION

7. On May 5, 2017, Lima One and Defendant entered into the Agreement in which Lima One would provide financing to Defendant for certain Loans Defendant made pursuant to the terms of the Agreement.

8. As part of the Agreement, Defendant made a variety of representations and warranties regarding its performance under the Agreement, including specific representations and warranties about the loans flowing from Defendant to Lima One pursuant to the Agreement.

9. In Section 4.07 of the Agreement, Defendant made several representations, including that no fraud had occurred on the part of Defendant "or the Mortgager, any appraiser, any title company, any closing or settlement agent, any realtor, any builder or any developer, any correspondent, any mortgage broker, or any other party involved in the solicitation, origination or servicing of the Closed Loan or in the application for any insurance in relation to such Closed Loan."

10. Section 4.07 of the Agreement also incorporates certain Loan Representation made in "Exhibit B" to the Agreement. Exhibit B states that: "With respect to each Closed

Loan, Originator [Defendant] represents and warrants to Lender [Lima One] that each of the statements set forth in this Exhibit B is true and correct as of the date of closing of such Closed Loan."

11. Paragraph O of Exhibit B contains the following representation: "No fraud, error, omission, misrepresentation, negligence, or similar occurrence with respect to the Closed Loan has taken place on the part of Originator or, to the knowledge of Originator, any other Person involved in the origination of the Closed Loan or in the application for any insurance in relation to such Closed Loan, including the Mortgagor, any appraiser, any builder or developer.  To the knowledge of Originator, the documents, instruments and agreements submitted for loan underwriting were not falsified and contain no untrue statement of material fact or omission of a material fact required to be stated therein or necessary to make the information and statements therein not misleading,  Originator has reviewed all of the documents relating the Closed Loan and has made such inquiries as it deems necessary to make and confirm the accuracy of the representations set forth herein."

12. Furthermore, Section 4.07 requires the Defendant to promptly provide notice to Lima One if Defendant obtains knowledge that any of the Loan Representations are not true.

13. Section 8.01(a) requires Defendant to indemnify Lima One for, among other things, losses, damages, costs and expenses, and attorneys' fees, associated with any failure of Defendant to perform under the Agreement and any other breach of the Defendant's obligations under the Agreement.

14. Section 8.02 of the Agreement requires Defendant to purchase Closed Loans from Lima One if Defendant breaches Section 4.07 of the Agreement.

15. Section 8.02 of the Agreement requires Defendant to repurchase these loans within ten days following Lima One's delivery of a written purchase demand to Defendant including an explanation of the breach.

16. After closing six loans, identified below, Lima One identified fraudulently inflated appraisal documents submitted in support of those applications and the underwriting of those files. On information and belief, the loan originator, an employee of the Defendant at the time, actively participated in the submission of these fraudulently inflated documents. Without these fraudulently inflated appraisals, Lima One would not have originated the loans.

17. On information and belief, this loan originator either actively committed the fraud through the creation of the fraudulently altered documents, or actively assisted in the commission of this fraudulent act through knowing involvement.

18. The loans that contained fraudulently inflated appraisal documents in support of the application were the following: loan no. xxx059; loan no. xxx861; loan no. xxx681; loan no. xxx300; loan no. xxx094; loan no. xxx086.[1] As of September 30, 2019, the repurchase price of these six loans, pursuant to the formula required by the Agreement, was $1,241,914.58.

19. On November 1, 2019, Lima One send Defendant a written purchase demand ("Letter") explaining the breach of contract.

20. The Letter identified the payments Lima One demands for purchase of the loans subject to the formula set forth in Section 8.02.

---

[1] Out of an abundance of caution, and to ensure compliance with Fed. R. Civ. P. 5.2, Lima One is omitting the first three digits of the loan numbers. Defendant has received these loan numbers in full in the November 1, 2019 letter referenced in paragraph 18.

21. As of filing of this complaint, Defendant has failed to respond to the November 1 letter. Instead, Defendant sent a separate letter to Lima One invoking a termination clause in the Agreement, effective May 4, 2020.

22. As of filing this complaint, Defendant has refused to repurchase these loans.

## COUNT ONE
### (Breach of Contract)

23. Plaintiff repeats and re-alleges each and every allegation contained m the preceding paragraphs of this Complaint, and incorporates them by reference herein.

24. The Agreement is a valid and enforceable contract between Defendant and Lima One.

25. During the Agreement term, Lima One upheld its end of the Agreement by financing all loans meeting the Eligible Loan criteria.

26. As further set out above, the Agreement contains clauses requiring Defendant to repurchase Closed Loans if Defendant breached Section 4.07.

27. Defendant breached the express terms of 4.07 because its loan originator committed fraud in the origination of the loans, or actively assisted in the commission of fraud on these loans, including the falsification of key documents used in the underwriting of these loans.

28. As a result of the Defendant's breach of the Agreement, Lima One has suffered, is suffering, and will continue to suffer financial harm and has lost the benefits expected to be received from the contract if Defendant had performed as promised, including actual damages, lost profits, loss of business opportunities, and other consequential damages,

29. Defendant has acted intentionally, willfully, maliciously, and with reckless disregard of the rights of Lima One.

30.     Lima One therefore requests judgment in its favor for the Defendant's breach of contract, and requests specific performance, damages, attorneys' fees, costs of this action, pre-judgment interest on the amount demanded from November 1, 2019 to the date of judgment, other interest as applicable, and such other relief as this court deems just.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff Lima One requests for judgment as follows:

1.     Specific performance of Section 8.02 of the Agreement requiring Defendant to repurchase these loans subject to the formula set forth in Section 8.02, in the amount of $1,241,914.58;

2.     An award of damages and any additional funds consistent with the Agreement, including but not limited to relief under Section 8.01;

3.     An award in Lima One's favor to recover the costs of this lawsuit, including attorneys' fees;

4.     An order requiring the recovery of pre-judgment interest under S.C. Code 34-31-20(A), and post-judgment interest under S.C. Code 34-31-20(B), on the sums awarded; and

5.     Any other relief as this Court deems just, appropriate, and equitable.

## DEMAND FOR JURY TRIAL

Lima One demands a trial by jury on all issues.

*[signature on following page]*

Respectfully submitted,

**WESLEY D. FEW, LLC**

/s/ Wesley Few
Wesley D. Few, S.C. Fed. Id. No 07371
P.O. Box 9398
Greenville, SC 29604
Tel: (864) 527-5906 | wes@wesleyfew.com

*-and-*

**WEINER BRODSKY KIDER, PC**

Jason W. McElroy
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 728 4463
mcelroy@thewbkfirm.com

(to be admitted *pro hac vice*)

*COUNSEL FOR PLAINTIFF LIMA ONE CAPITAL, LLC*

December 20, 2019
Greenville, South Carolina