IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lima One Capital LLC,<br>d/b/a Investor Lending USA, | )<br>)<br>) | C/A No. 6:19-cv-03547-DCC |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **OPINION AND ORDER** |
| DAC Acquisitions LLC,<br>d/b/a Revolver Finance, | )<br>)<br>)<br>) | |
| Defendant.<br>_____ | )<br>) | |

This matter is before the Court on Defendant DAC Acquisitions, LLC's Motion to Dismiss. ECF No. 19. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 22, 23.

## **BACKGROUND**

The following statement of facts is taken from the Complaint. ECF No. 1. On May 5, 2017, Plaintiff entered into a Master Loan Flow Agreement ("Agreement") to provide financing to Defendant for certain loans. Section 4.07 of the Agreement states in full:

> To the knowledge of the Originator [Defendant], all Closed Loans comply with the specific loan representations and warranties set forth in Exhibit B (the "*Loan Representations*"). To the knowledge of the Originator, no fraud, error or omission, misrepresentation or similar occurrence with respect to a Closed Loan has taken place on the part of Originator or the Mortgagor, any appraiser, any title company, any closing or settlement agent, any realtor, any builder or any developer, any correspondent, any mortgage broker or any other party involved in the solicitation, origination or servicing of the Closed Loan or in the application for any insurance in relation to such Closed Loan. If Originator obtains knowledge that any of the Loan Representations are not true as to a particular Closed Loan, Originator shall promptly provide notice of same to Lender [Plaintiff].

1

ECF No. 19-2 at 5.[1]

Among the "representations and warranties" set forth in Exhibit B and incorporated by reference into the Agreement, Defendant "represent[ed] and warrant[ed]" as to each Closed Loan "that each of the statements set forth in this Exhibit B is true and correct as of the date of closing of such Closed Loan." ECF No. 1 at 2–3. Paragraph (o) of Exhibit B states:

> No fraud, error, omission, misrepresentation, negligence or similar occurrence with respect to the Closed Loan has taken place on the part of Originator or, to the knowledge of Originator, any other Person involved in the origination of the Closed Loan or in the application for any insurance in relation to such Closed Loan, including the Mortgagor, any appraiser, any builder or developer. To the knowledge of Originator, the documents, instruments and agreements submitted for loan underwriting were not falsified and contain no untrue statement of material fact or omission of a material fact required to be stated therein or necessary to make the information and statements therein not misleading. Originator has reviewed all of the documents relating to the Closed Loan and has made such inquiries as it deems necessary to make and confirm the accuracy of the representations set forth herein.

ECF No. 19-2 at 54.

Section 8.01(a) of the Agreement requires Defendant to indemnify Plaintiff from all damages (including reasonable attorney's fees) arising out of, inter alia, any material inaccuracy or breach of Defendant's representations or warranties or any other breach of Defendant's obligations under the Agreement. *Id*. at 10. Section 8.02 provides that in the

---

[1] This quotation is taken from the Agreement attached as an exhibit to Defendant's Motion. Plaintiff "does not object to [Defendant's] attachment of the Agreement to the Motion." ECF No. 22 at 4 n.1. Because there is no question that the Agreement is "integral to the complaint," nor is there any dispute over the Agreement's authenticity, the Court finds that the Agreement may be considered on a motion to dismiss. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

event of a breach by Defendant of Section 4.07, Defendant "shall purchase the related Closed Loan from [Plaintiff] within ten (10) days following [Plaintiff's] delivery of a written purchase demand to [Defendant], which written purchase demand shall include an explanation of such breach in reasonable detail." *Id*. at 11.

After closing six specific loans, identified in the Complaint by the last three digits of their loan numbers, Plaintiff identified fraudulently inflated appraisal documents that had been submitted in support of the loan applications and the underwriting of those files. Upon Plaintiff's information and belief, one of Defendant's employees actively participated in the submission of the fraudulently inflated documents either by creating the documents or by knowing involvement.

On November 1, 2019, Plaintiff sent Defendant a written purchase demand letter explaining the breach of contract. Defendant sent a separate letter to Plaintiff invoking a termination clause in the Agreement. As of the date of the Complaint, Defendant had failed to respond to the November 1 letter or to repurchase the loans.

## APPLICABLE LAW

### *Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedures permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a

Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Only "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. In practice this means that a plaintiff alleging fraud must plead "the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). The pleading standard of Rule 9(b) requires a party to "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the

4

misrepresentation and what he obtained thereby." *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 705 (4th Cir. 2018) (quoting *Wilson*, 525 F.3d at 379) (internal quotation marks omitted). *See also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990) ("[T]he circumstances to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'")).

A party's "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Id*. at 783 n.5 (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

## **DISCUSSION**

### *Application of Rule 9(b)*

The first and only count of the Complaint is styled as a claim for breach of contract. ECF No. 1 at 5. Defendant argues, however, that because the claim is based on Defendant's alleged fraud, Plaintiff was required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

Defendant urges the Court to find that Plaintiff's claim "is more akin to a breach of contract accompanied by a fraudulent act," ECF No. 19-1 at 5, while Plaintiff contends that it "is the master of its complaint, and it pled a breach of contract," ECF No. 22 at 5. Courts in this district have widely held that a claim for breach of contract accompanied by a fraudulent act is subject to the heightened pleading standard of Rule 9(b). *See*, *e.g.*, *Parks v. Liberty Ins. Corp.*, C/A No. 8:17-0503-HMH, 2017 WL 11457907, at *5 (D.S.C.

May 18, 2017); *Davis v. CitiMortgage, Inc.*, C/A No. 0:15-04643-MGL, 2016 WL 4040084, at *3 (D.S.C. July 28, 2016); *Carrington v. Mnuchin*, C/A No. 5:13-03422-JMC, 2014 WL 4249876, at *10 (D.S.C. Aug. 27, 2014); *Neuman v. Levan*, C/A No. 8:08-03418-HFF, 2009 WL 1856569, at *3 (D.S.C. June 26, 2009). The elements of such a claim under South Carolina law are "(1) a breach of contract; (2) that the breach was accomplished with a fraudulent intention, and (3) that the breach was *accompanied by* a fraudulent act." *Minter v. GOCT, Inc.*, 473 S.E.2d 67, 70 (S.C. 1996) (emphasis added) (citation omitted). Arguably, Defendant's alleged breach of contract is not "accompanied by" a fraudulent act; rather, because the Agreement stipulates that Defendant will not engage in fraud, the fraudulent act is itself the breach.

However, the Court need not decide whether Plaintiff's claim is properly characterized as one for breach of contract accompanied by a fraudulent act because identification of Plaintiff's claim is not dispositive. "Rule 9(b) refers to 'alleging fraud,' not to causes of action or elements of fraud." *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 629 (4th Cir. 2008). The plaintiff's claim need not have "fraud" in its name or even as one of its elements for Rule 9(b) to apply. *Id*. In determining whether the heightened pleading standard applies, the court must "look beyond each [claim's] label to its substance in order to ascertain if it actually sounds in fraud." *Just Born II*, 888 F.3d at 705 (citation omitted); *see also Cozzarelli*, 549 F.3d at 629 (noting that the requirements of Rule 9(b) cannot be circumvented with "superficial label[s]"); *Avnet, Inc. v. Am. Motorists Ins. Co.*, 684 F. Supp. 814, 815 (S.D.N.Y. 1988) ("The particularity requirement of Rule 9(b) extends to 'all averments of fraud or mistake.' Thus, the rule extends to averments of fraud or mistake, whatever may be the theory of legal duty—statutory, tort,

6

contractual, or fiduciary." (quoting *Sharpiro v. Miami Oil Producers*, 84 F.R.D. 234, 236 (D. Mass. 1979)).  Rule 9(b)'s heightened pleading standard applies even to affirmative defenses that allege a fraudulent act.  *Just Born II*, 888 F.3d at 704.

There is no question that Plaintiff's claim is based on an allegation of fraud.  Plaintiff alleges that Defendant "breached the express terms of [Section] 4.07 because its loan originator committed fraud in the origination of the loans, or actively assisted in the commission of fraud on these loans, including the falsification of key documents used in the underwriting of these loans."  ECF No. 1 at 5.  Because Rule 9(b) applies generally to allegations of fraud and not specifically to claims of fraud, the Court finds that Plaintiff was required to meet the heightened pleading standard contained therein.  *See* Fed. R. Civ. P. 9(b).

The single case cited by Plaintiff is not persuasive.  *See In re InaCom Corp.*, 2001 WL 1819987 (Bankr. D. Del. Aug. 7, 2001).  Firstly, the Third Circuit's "lenient approach" to Rule 9(b), as described by the *InaCom* court, does not apparently accord with the Fourth Circuit's more stringent one.  *Id*. (noting that the Third Circuit does not require plaintiffs to "plead the 'date, place or time' of the fraud, so long as they use an 'alternative means of injecting precision . . . into their allegations'") (quoting *Seville Machin. Indus. Machin. V. Southmost Machin.*, 742 F.2d 786, 791 (3d Cir. 1984)).  To the extent that Third Circuit law does not require compliance with Rule 9(b) for claims that sound in fraud, regardless of their names or labels, it is certainly in conflict with the Fourth Circuit authority cited above.  Secondly, the facts of the case are distinguishable in that the *InaCom* complaint explicitly alleged misrepresentation rather than fraud.  *Compare InaCom*, 2001 WL 1819987, at *2–3 (alleging, inter alia, "false and misleading statements" and "material

7

misrepresentation"), *with* ECF No. 1 at 5 (alleging Defendant "committed fraud . . . or actively assisted in the commission of fraud"). Therefore, the Court will require a particularized statement of the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b).

***Sufficiency of Fraud Allegations under Rule 9(b)***

Plaintiff next argues that even if Rule 9(b)'s heightened pleading standard applies, his allegations are sufficiently particularized. Plaintiff was required to plead "the who, what, when, where, and how of the alleged fraud." *Wilson*, 525 F.3d at 379 (quotation omitted)). The relevant allegations of the Complaint are as follows:

> 16. After closing six loans, identified below, [Plaintiff] identified fraudulently inflated appraisal documents submitted in support of those applications and the underwriting of those files. On information and belief, the loan originator, an employee of the Defendant at the time, actively participated in the submission of these fraudulently inflated documents. [ . . . ]
>
> 17. On information and belief, this loan originator either actively committed the fraud through the creation of the fraudulently altered documents, or actively assisted in the commission of this fraudulent act through knowing involvement.
>
> 18. The loans that contained fraudulently inflated appraisal documents in support of the application were the following: loan no. xxx059; loan no. xxx861; loan no. xxx681; loan no. xxx300; loan no. xxx094; loan no. xxx086.

ECF No. 1 at 4.

These allegations are not conclusory and provide at least partial answers to the questions identified above. However, they fail to identify "the time, place, and contents of the false representations" with the requisite particularity. *See Just Born II*, 888 F.3d at 705 (citation omitted). While the employee is not named, the Court agrees that the identification of the loan numbers and the description of the employee's role as the loan

8

originator provide sufficient information for Defendant to identify the "who" of the alleged fraud.  The "time" of the fraud (i.e., at the time of submission of the documents) is also sufficiently well identified.  However, more detail is needed as to the "place" and "contents" of the false representations.  For example, the Complaint should identify which specific documents contained the inflated appraisals and what those inflated appraisals were.  Although it may arguably be inferred from context, the Complaint should ideally contain information about what the employee "obtained thereby," another particularized requirement for alleging fraud.  *See id*.  Finally, the alleged scope of the employee's participation should be pled with specific allegations rather than "upon information and belief."  *See Wilson*, 525 F.3d at 379 (holding that only "conditions of a person's mind may be alleged generally"); *Bowen v. Adidas Am., Inc.*, C/A No. 3:18-3118-JFA, 416 F. Supp. 3d 574, 578 (D.S.C. 2019) ("Plaintiff's assertion that Defendants reviewed and approved sham invoices relates to a payment . . . fails to satisfy the heightened pleading requirements of Rule 9(b) . . . because it is pled on information and belief with no additional supporting allegations.").

The Fourth Circuit has cautioned that "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts."  *Harrison*, 176 F.3d at 784.  Because it appears that Defendant has been appraised of many of the facts that would be needed to prepare a defense, the Court considers this instruction very carefully.  In light of the deficiencies noted above, however, the Court cannot find that the particularized pleading requirement of Rule 9(b) has been met.  Dismissal pursuant to

9

Rule 12(b)(6) is therefore warranted.  Because Plaintiff has failed to meet the Rule 9(b) standard with respect to its allegations of fraud, the Court will not reach Defendant's more general arguments with respect to failure to state a claim.[2]

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [19] is **GRANTED**, with leave to Plaintiff to amend the Complaint within 14 days of the filing of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

September 30, 2020<br>
Spartanburg, South Carolina

---

[2] The Court notes, however, that Plaintiff may wish to carefully consider the sufficiency of its other allegations.  In particular, the Complaint appears to contain no allegation that Defendant had knowledge of its employee's fraud.